```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JOE FLOYD FULLER,**

                         **Plaintiff,**

                                              CIVIL ACTION
        vs.                                        No. 04-3162-GTV

**LYNN MYERS, et al.,**

                         **Defendants.**

## ORDER

    Plaintiff, while a prisoner confined in the Johnson County Adult Detention Center in New Century, Kansas, submitted a civil rights complaint under 42 U.S.C. 1983 alleging the violation of his constitutional rights in the conditions of his confinement. By an order dated March 18, 2005, the court granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. 1915, obligating plaintiff to pay the full $150.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

    In that same order, the court directed plaintiff to supplement the record to avoid dismissal of the complaint without prejudice under 42 U.S.C. 1997e(a), based upon plaintiff's failure to demonstrate full exhaustion of administrative remedies on all claims asserted in the complaint. The court notified plaintiff that the failure to file a timely response may result in the complaint being dismissed without prejudice without further notice to plaintiff.

Thereafter, the record reflects that copies of the March 18, 2005, court order mailed twice to plaintiff's address of record at the Wyandotte County Detention Center in Kansas City, Kansas, were returned as undelivered mail because plaintiff was no longer at that facility.

The court file in this case indicates that plaintiff is currently confined in the Jackson County Detention Center in Kansas City, Missouri.  There is no written documentation in the record to support this change of address,[1] and it is unclear when and how this address change resulted.  Under the circumstances, the court finds it appropriate to grant plaintiff additional time to respond to the order entered on March 18, 2005, and to direct the clerk's office to send a copy of this order and the order entered on March 18, 2005,  to plaintiff at the Jackson County address.  The failure to file a timely response may result in this matter being dismissed without prejudice and without further prior notice to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted twenty (20) days from the date of this order to supplement and/or amend his complaint as directed by the court in the order dated March 18, 2005.

---

[1]The Rules of Practice and Procedure for the District of Kansas require that "[e]ach...party appearing pro se is under a continuing duty to notify the clerk *in writing* of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or a party appearing pro se shall be sufficient notice." D.Kan. Rule 5.1(c)(emphasis added).

Copies of this order and of the order dated March 18, 2005, are to be mailed to plaintiff at his current address.  A copy of the order dated March 18, 2005, is to be provided to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 18th day of April 2005.


<u>/s/ G. T. VanBebber</u>
G. T. VANBEBBER
United States District Judge