IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE FLOYD FULLER,

                Plaintiff,

                                    CIVIL ACTION
     vs.                           No. 04-3162-GTV

LYNN MYERS, et al.,

                Defendants.


### ORDER

    Plaintiff initiated this action by filing a pro se complaint under 42 U.S.C. 1983 while confined in the Johnson County Adult Detention Center in New Century, Kansas. By an order dated March 28, 2005, the court granted plaintiff leave to proceed in forma pauperis under 28 U.S.C. 1915, and directed plaintiff to supplement or amend the complaint to avoid dismissal of this action without prejudice pursuant to 42 U.S.C. 1997e(a). Having reviewed the record, the court enters the following findings and order.

    In this action, plaintiff alleges the violation of his constitutional rights in the conditions of his confinement at the Johnson County facility. Generally, plaintiff claims the air quality is poor and impairs his ability to breathe by subjecting him to dust and lint sufficient to cause watery eyes, nose bleeds, and severe headaches. He also claims prescribed medication is damaging his kidneys, and claims he is receiving too much medication and insufficient food. Plaintiff further

complains of chewing tobacco being used in a smoke-free facility, racial harassment, and inadequate access to the law library. He also broadly alleges retaliation, racial harassment, and threats of force by jail staff.

Plaintiff's more recent pleadings reflect that his claims concerning access to the courts, retaliation, and threats of force by jail staff are being litigated in another action currently pending before another judge in this judicial district. See Fuller v. State of Kansas, Case No. 04-2457-CM (state action removed to federal court). Accordingly, the court does not consider these claims in the instant action. Copies of pleadings filed in 04-2457-CM, or of pleadings related to the claims at issue in that proceeding, are not to be filed in the instant case.

Plaintiff supplemented the record to document his resort to administrative grievances concerning air quality and medication claims, but provided no information or documentation of his exhaustion of administrative remedies on claims regarding the sale of tobacco products in a smoke free environment, or whether adequate food is served. Plaintiff's motion (Doc. 31) for additional time to amend or supplement the complaint to show his exhaustion of remedies on these claims is granted.

Plaintiff's motion (Doc. 28) for an order directing plaintiff's custodian to provide copies and postage for all of plaintiff's legal mailing is denied.

Plaintiff is reminded the complaint is subject to being

dismissed without prejudice under 42 U.S.C. 1997e(a) if there is no showing of plaintiff's full exhaustion of the claims considered as raised in this action.  Also, if the complaint is not dismissed without prejudice pursuant to 42 U.S.C. 1997e(a), the complaint as supplemented or amended remains subject to screening by the court to identify cognizable claims and to dismiss the complaint or any portion thereof that is frivolous, malicious or fails to state a claim, or that seeks damages from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's complaint is construed by the court as not including any claim being litigated in <u>Fuller v. State of Kansas</u>, Case No. 04-2457-CM.

IT IS FURTHER ORDERED that plaintiff's motion for a court order (Doc. 28) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for an extension of time (Doc. 31) is granted, and that plaintiff is granted twenty (20) days to supplement and/or amend his complaint as directed by the court.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 20th day of May 2005.


/s/ G. T. VanBebber
G. T. VANBEBBER
United States District Judge

3