```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS

JOE FLOYD FULLER,

                        Plaintiff,
                                          CIVIL ACTION
         vs.                              No. 04-3162-SAC

LYNN MYERS, et al.,

                        Defendants.
```

### ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983 while he was a prisoner confined in the Johnson County Adult Detention Center in New Century, Kansas. Citing a long history of inhaler use for asthma, plaintiff seeks damages on allegations that the ventilation system at the county facility impairs his breathing ability by subjecting him to dust and lint sufficient to cause watery eyes, nose bleeds, and severe headaches. He additionally complains that prescribed medication is damaging his kidneys, that he is receiving too much medication and insufficient food, that chewing tobacco being used in a smoke-free facility, that he is subjected to racial harassment, that he is denied adequate access to the law library, and that he is subjected to retaliation and threats of force by jail staff.

Plaintiff supplemented the record to document administrative grievances concerning his ventilation and medical claims, but provided no information or documentation of his exhaustion of

administrative remedies on any of his remaining allegations.

By an order dated March 18, 2005, the court directed plaintiff to supplement the record to avoid dismissal of the complaint without prejudice under 42 U.S.C. 1997e(a), based upon plaintiff's failure to demonstrate full exhaustion of administrative remedies on all claims asserted in the complaint.[1] *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)(1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

In response (Doc. 35), plaintiff argues he is unable to show exhaustion of administrative remedies on his claims without a court order for the production of copies of plaintiff's administrative grievances. The court denied plaintiff's earlier request for production of documents, and remains convinced that no such order is warranted.

As previously stated in the order dated April 18, 2005, the showing necessary to satisfy the exhaustion requirement in 42 U.S.C. 1997e(a) can be satisfied by a plaintiff's specific description of the administrative remedies pursued on a particular claim and of the administrative responses received. *See* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210

---

[1] The court also dismissed plaintiff's allegations, concerning the denial of grievances and the requirement that plaintiff use the address of another Johnson County facility as the return address on his correspondence, as stating no claim for relief notwithstanding plaintiff's failure to show exhaustion of administrative remedies. 42 U.S.C. 1997e(c)(2).

(10th Cir. 2003), (pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, *or to "describe with specificity the administrative proceeding and its outcome"*)(emphasis added), *cert. denied* 125 S.Ct. 344 (2004).  Plaintiff has made no such showing in this case, and provides no persuasive reason warranting further delay to do so.  Accordingly, the court finds this matter should be dismissed without prejudice.

   IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed without prejudice, pursuant to 42 U.S.C. 1997e(a).

   **IT IS SO ORDERED.**

   DATED:  This 14th day of June 2005 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge